IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INSPIRATION BLACKWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN GERALDINE COHEN;<br>ATLANTIC COUNTY JUSTICE<br>FACILITY MEDICAL STAFF;<br>ATLANTIC COUNTY FREEHOLDERS;<br>DENNIS LEVISON; FRANK FORMICA;<br>CFG,<br><br>　　　　　Defendants. | Civil Action<br>No. 16-5342 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Inspiration Blackwell, Plaintiff Pro Se
#245280
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, New Jersey 08330

**SIMANDLE, District Judge:**

**I.　INTRODUCTION**

　　Before the Court is Plaintiff Inspiration Blackwell's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1. Plaintiff is currently confined at Atlantic County Justice Facility ("ACJF"). He also requests the appointment of pro bono counsel.

　　At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the complaint may proceed in part.

**II. BACKGROUND**

Plaintiff filed this complaint against ACJF Warden Geraldine Cohen, the ACJF Medical Staff, the Atlantic County Freeholders, Atlantic County Executive Dennis Levison, Freeholder Chairman Frank Formica, and CFG[1] (collectively "Defendants"). Complaint ¶ 3. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff alleges he broke his right hand on June 26, 2016 when he slammed it into a door. *Id.* ¶ 4. Medical staff examined him approximately an hour later and transported him to a hospital. *Id.* He was released from the hospital and taken back to ACJF "where no compliance was with the hospital's orders, I complain, stay in pain . . . ." *Id.* He returned to the hospital

---

[1] Plaintiff does not define this acronym, but the Court understands it to refer to CFG Health Systems, a private provider of correctional medical services. *See* CFG HEALTH SYSTEMS, LLC, https://cfghealthsystems.com/ (last visited June 12, 2017).

2

a few weeks later where his hand was rebroken "because proper care had not been applied . . . ." *Id.* He was prescribed "therapy," but he never received it. He states he was placed in solitary confinement for complaining. *Id.* Plaintiff further states he wrote to the warden, spoke with officers, and tried to speak with the director, but he was "thrown out of medical." *Id.* He also states the facility "stopped [his] communication." *Id.*

Plaintiff alleges Defendants were negligent in treating his hand and violated his constitutional rights. *Id.* He seeks $500,000 in damages. *Id.* ¶ 5.

**III. STANDARD OF REVIEW**

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§

3

1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from governmental employees, and under § 1997e because Plaintiff is bringing claims regarding the conditions of his confinement.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However, pro se litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**IV. ANALYSIS**

**A. ACJF Medical Staff and Warden Cohen**

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.[3] *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106.

Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, the Court finds that he has pled sufficient facts to state a claim for deliberate indifference from the ACJF medical staff and Warden Cohen. Specifically, Plaintiff alleges the medical staff failed to provide him with the care prescribed by the hospital. *See Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (noting deliberate indifference may be found when "prison authorities prevent an inmate from receiving recommended treatment for serious medical needs"). The Court

---

[3] It is not clear whether Plaintiff is a pretrial detainee or convicted prisoner. As the Due Process Clause of the Fourteenth Amendment is at least as protective as the Eighth Amendment when considering denial of medical care claims, *Edwards v. Northampton Cty.*, 663 F. App'x 132, 136 (3d Cir. 2016), the Court will refer to the Eighth Amendment standard.

6

will also exercise supplemental jurisdiction over the state law medical malpractice claims against the ACJF medical staff.

Plaintiff further alleges Warden Cohen ignored his complaints about his treatment. Assuming the truth of Plaintiff's allegations for screening purposes only, the Court will permit the Eighth Amendment claim to proceed against Warden Cohen as well.

**B. Policy-Maker Defendants**

Plaintiff also alleges the Atlantic County Freeholders, County Executive Dennis Levison, Freehold Chairman Formica, and CFG are liable because they are responsible for the overall running of the ACJF.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). They cannot be held liable under § 1983 solely because other alleged wrongdoers are county employees. *See Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014); *Hakim v. Levinson,* Civ. 08-4012, 2008 WL 4852612, at *3 (D.N.J. Nov. 3, 2008) (dismissing plaintiff's claims against the County Executive and County Freeholders, among others, where the claims appeared to be based solely on the theory of *respondeat superior*). Plaintiff must be able to allege these defendants "with deliberate indifference to the consequences, . . .

7

established and maintained a policy, practice, or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citing *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989) (alteration in original)). There are no facts in the complaint from which the Court could reasonably make this determination.

To the extent Plaintiff bases liability on these defendants' failure to adequately supervise the ACJF, he "must identify a supervisory policy or practice that the supervisor failed to employ, and then prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 317 (3d Cir. 2014) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Plaintiff has not sufficiently alleged these defendants were aware of and were indifferent to the risk that prisoners were receiving constitutionally-deficient medical

care. The claims against these defendants are dismissed without prejudice.

The Court declines to exercise supplemental jurisdiction over any state negligence claims as the federal claims are being dismissed. 28 U.S.C. § 1367(c)(3).

**C. Other Claims**

The complaint also asserts Plaintiffs was sent to solitary confinement for "complaining" and that the facility stopped his "communication." Complaint ¶ 4. It is not clear to the Court whether Plaintiff is attempting to raise claims based on these actions. To the extent the complaint could be construed as raising a retaliation claim, it will be dismissed without prejudice.

"[R]etaliation for the exercise of constitutionally protected rights . . . 'is itself a violation of rights secured by the Constitution actionable under section 1983.'" *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (quoting *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990)). Plaintiff must allege "(1) he engaged in constitutionally protected activity; (2) he suffered, at the hands of a state actor, adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action." *Fantone v. Latini*, 780

F.3d 184, 191 (3d Cir. 2015), *as amended* (Mar. 24, 2015). Here, it is not clear what Plaintiff meant by "complaining" or who sent him to solitary. If Plaintiff wishes to pursue a retaliation claim, he should include more facts about the circumstances of his complaint and placement in solitary confinement in an amended complaint.

It is also not clear if Plaintiff is attempting to raise a claim based on the facility "stop[ping] [his] communication." Complaint ¶ 4. Plaintiff should provide the Court with more information regarding what communications were "stopped", who stopped them, and any other relevant facts.

**D. Pro Bono Counsel**

Plaintiff requests the appointment of counsel. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). As the Court is permitting the complaint to proceed, it will analyze the remaining *Tabron* factors.

In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and

the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (reiterating the *Tabron* factors).

Plaintiff argues the appointment of counsel is warranted because he lacks the education necessary to pursue this litigation. He states he has neither a high school diploma nor a GED. However, Plaintiff has stated his case in a manner to survive sua sponte screening. This factor weighs slightly against the appointment of counsel.

Plaintiff is a prisoner proceeding pro se. Documents and medical records from different sources may be needed to be produced and examined in this case, and Plaintiff's ability to obtain these documents may be limited due to his incarceration. This factor weighs in favor of appointment of counsel.

Based on the facts alleged in the complaint, the Court determines the medical issues are not so complex so as to warrant the appointment of counsel at this time. Plaintiff alleges defendants were deliberately indifferent to the hospital's orders to provide follow-up care for a broken hand, a relatively straightforward claim. Furthermore, it would appear a

lay person may be able to determine whether there was a negligent failure to provide the hospital-ordered follow-up care without the aid of expert testimony. Plaintiff's medical records from the hospital and ACJF could provide the relevant evidence with respect to the claims, meaning the case would not be "solely a swearing contest." *Parham*, 126 F.3d at 460. These three factors weigh against the appointment of counsel at this time.

Finally, the sixth *Tabron* factor requires this Court to analyze whether plaintiff is able to retain and afford counsel. *See* 6 F.3d at 156. Plaintiff is proceeding *in forma pauperis* in this case and there is no indication that plaintiff is able to retain and afford counsel. Consequently, this factor weighs in favor of appointing counsel.

On balance, the factors weigh against appointing counsel at this early stage. Plaintiff may request the appointment of counsel again at a later point in time by addressing the *Tabron* factors.

## V. CONCLUSION

For the reasons stated above, the complaint shall proceed against Warden Cohen and the ACJF medical staff. The claims against the other defendants are dismissed without prejudice. The request for the appointment of counsel is denied without prejudice.

An appropriate order follows.

**August 31, 2017**                              **s/ Jerome B. Simandle**
Date                                             JEROME B. SIMANDLE
                                                 U.S. District Judge