IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| INSPIRATION BLACKWELL, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN GERALDINE COHEN, et al., <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 16-5342 (JBS-AMD) <br><br> **OPINION** |

APPEARANCES:

Inspiration Blackwell, Plaintiff pro se
#1161920/160249C
Southern State Correctional Facility
Inmate Mail/Parcels
UNIT 10L-A-lup /Compound B
4295 Route 47
Delmont, NJ 08314

**SIMANDLE, U.S. District Judge:**

I. **INTRODUCTION**

This matter comes before the Court on Plaintiff Inspiration Blackwell's motion for reconsideration of the Court's dismissal of his civil rights complaint under Local Civil Rule 41.1(a). [Docket Entry 16]. For the reasons expressed below, the motion is granted.

II. **BACKGROUND**

Plaintiff filed a complaint against Atlantic County Justice Facility ("ACJF") Warden Geraldine Cohen, the ACJF Medical

Staff, the Atlantic County Freeholders, Atlantic County Executive Dennis Levison, Freeholder Chairman Frank Formica, and medical providers CFG on September 1, 2016. [Docket Entry 1]. Plaintiff alleged he broke his right hand on June 26, 2016 when he slammed it into a door. [*Id.* ¶ 4]. Medical staff examined him approximately an hour later and transported him to a hospital. [*Id.*]. He was released from the hospital and taken back to ACJF "where no compliance was with the hospital's orders, I complain, stay in pain . . . ." [*Id.*]. He returned to the hospital a few weeks later where his hand was rebroken "because proper care had not been applied . . . ." [*Id.*]. He was prescribed "therapy," but he never received it. He stated he was placed in solitary confinement for complaining. [*Id.*]. Plaintiff further alleged he wrote to Warden Cohen, spoke with officers, and tried to speak with the director, but he was "thrown out of medical." [*Id.*]. He also claimed the facility "stopped [his] communication." [*Id.*].

The Court granted Plaintiff's *in forma pauperis* application, [Docket Entry 4], and screened the complaint pursuant to 28 U.S.C. § 1915, [Docket Entry 7]. Plaintiff's deliberate indifference claims against Warden Cohen and his deliberate indifference and medical malpractice claims against the ACJF medical staff were permitted to proceed. [Docket Entry 8].

The Clerk of the Court sent Plaintiff U.S. Marshal Form 285 on August 31, 2017 to be completed and returned by Plaintiff so defendants could be served by the Marshals. [Docket Entry 9]. On December 1, 2017, the Clerk filed a certification that Plaintiff had not returned the completed 285 forms. [Docket Entry 10]. After more than 90 days of inactivity in the case, the Court issued a Notice of Call for Dismissal under Local Civil Rule 41.1(a) on May 3, 2018. [Docket Entry 11]. That notice was sent to the address on file for Plaintiff, the ACJF, and was returned as undeliverable on May 15, 2018. [Docket Entry 12]. The case was dismissed on May 29, 2018. [Docket Entry 13]. That order was also returned as undeliverable on June 5, 2018. [Docket Entry 14].

Plaintiff contacted the Court on October 15, 2018 inquiring as to the status of his case. [Docket Entry 15]. On November 8, 2018, he filed the instant motion for reconsideration of the dismissal order. [Docket Entry 16]. He states the matter should be reopened because he did not receive the Notice of Call for Dismissal. [*Id.* at 1]. He states he was transferred from ACJF to CRAF on April 27, 2018. [*Id.*].

### III. STANDARD OF REVIEW

Local Civil Rule 7.1 allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge

3

has overlooked . . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994).

**IV. ANALYSIS**

Plaintiff argues he should not have his case dismissed because he did not receive the notice sent by the Court on May 8, 2018 after he left the ACJF on April 27, 2018. [Docket Entry

16 at 2]. "Plaintiff is without control over the 'mail delivery service' to prisoner/plaintiff to receive or send legal mailing in or outside the Department Of Corrections. . . . I shouldn't have to forfeit my 'Civil Action' due to uncontrollable reasons." [*Id.*].

The undeliverable mail was not entirely out of Plaintiff's control. It is the responsibility of every unrepresented party, whether incarcerated or not, to keep this Court apprised of his or her current mailing address. Local Civ. R. 10.1(a). This is Plaintiff's responsibility and his responsibility alone. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case ....").

That being said, the Court will reopen the matter. The Court found sufficient merit in the complaint to survive screening under § 1915, the dismissal was without prejudice, and the Court must be lenient with pro se parties. The interests of justice therefore favor reopening the case and proceeding with service on defendants. Plaintiff is cautioned that he must promptly advise the Court of any future changes in his address. The Court will instruct the Clerk to send another U.S. Marshal Form 285 to Plaintiff for him to complete and return. No part of

this Order shall be construed as precluding defendants from raising any relevant affirmative defense.

**V.  CONCLUSION**

For the reasons stated above, the motion for reconsideration is granted. An accompanying Order will be entered.

| | |
|---|---|
| **February 1, 2019** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |